## Case No. 8,574.

### In re LOWENSTEIN et al.

[2 N. B. R. 306 (Quarto, 99);[1] 1 Chi. Leg. News, 123.] .

District Court, S. D. New York. Dec. 14, 1868.

BANKRUPTCY — PETITION OF CREDITOR — FAILURE TO PAY NON-COMMERCIAL PAPER.

The non-payment, at maturity, of promissory notes that are not commercial paper, is no ground for an adjudication of the debtors as bankrupts, on a petition by a creditor in involuntary bankruptcy. Petition dismissed with costs.

[Cited in Re Nickodemus, Case No. 10,254; Re Chandler, Id. 2,591; Re Bunster, Id. 2,-136; Baldwin v. Wilder, Id. 806; Re Carter, Id. 2,470; Re Clemens, Id. 2,877.]

[In the matter of Samuel Lowenstein and Rosa Lowenstein against whom a petition for adjudication of bankruptcy was filed by Julius Katzenberg.]

G. A. Seixas, for creditor.
J. H. V. Arnold, for debtors.

BLATCHFORD, District Judge. The petition in this case was filed November 8, 1867. There are three acts of bankruptcy alleged in the petition. The first is that the debtors, being aware that legal process was about to be issued, to be levied on the stock contained in their store, No. 200 Sixth avenue, New York, at the suit of some one or more of their creditors, removed a great portion of said property, to avoid its being taken on such process. The evidence does not show that the debtors removed any of said property for that purpose, or for any fraudulent purpose, or in any illegal manner.

The second act of bankruptcy alleged is that the debtors transferred said stock to one Eliza Lowenstein, with intent to defraud their creditors, and to defeat the operation of the bankruptcy act. This allegation is not sustained by the evidence.

The third allegation is that the debtors, being merchants, fraudulently stopped and did not resume payment of any of their commercial paper prior to the 8th of November, 1867, when the petition was filed, or fraudulently failed to resume payment, prior to the 8th of November, 1867, of any of their commercial paper, the payment of which they had previously suspended. The Katzenberg note was not commercial paper, and its non-payment, on the evidence, was not attended by any evidence of fraud. The same is true of the Nordlinger note. The Frauenthal notes

were not commercial paper. They were not given in the course of, or in connection with, the business of the debtors as merchants, but were given for loans of money. Besides, they were, by agreement of the creditor, suffered to remain unpaid, and their non-payment was not fraudulent. The Battin note was commercial paper, but its non-payment at maturity was with the expressed assent of Battin, and such assent continued until after the petition was filed. If it had not been for such assent of Battin, the suspension of payment of the note which fell due October 3, 1867, would have been fraudulent; for the debtors, if not insolvent, had the means to pay it, as appears from the evidence; and, if insolvent, were bound to go into voluntary bankruptcy. A solvent debtor who has means wherewith to pay commercial paper and does not pay it, is guilty of fraud; and an insolvent debtor who, having commercial paper due, does not go into voluntary bankruptcy, is guilty of fraud. In either case the suspension is fraudulent. The Haviland, Lindsley & Co. notes were not the commercial paper of the debtors, given for the debt of the debtors. The Reiss claim was in an account and not in a note. As to the Blumauer and Rich note, I find no evidence as to whether it was or was not commercial paper, but simply evidence that the debtors, on the 31st of August, 1867, at New York, made a note, payable thirty days after date, for one hundred and fifty-eight dollars and twenty-three cents, not to the order of any person or to bearer, and delivered it to Blumauer and Rich, and that it was not paid at maturity. If it were commercial paper, the non-payment of it was, on the evidence, clearly fraudulent; but I find no evidence that it was commercial paper, or as to what it was given for. The evidence in the case is very voluminous, embracing twenty-four depositions and numerous exhibits. I have gone through it very carefully, with the aid of the elaborate briefs of the counsel for the respective parties, and have come to the conclusion that the petition must be dismissed, with costs.

[This case was again heard upon appeal by the petitioning creditor from the taxation of costs by the register. Case No. 8,572.]